IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff

v.

[1] JOSUE ALBERTO DÁVILA PADRÓ,
[2] JONATHAN FONSECA TORRES,

Defendants

CRIMINAL 08-209(DRD)

## ORDER OF DETENTION PENDING TRIAL

Under 18 U.S.C. § 3141 et seq., judicial officers are required to release a defendant arrested for federal offenses on personal recognizance or an unsecured appearance bond, 18 U.S.C. § 3142(b); set the least restrictive conditions necessary to ensure defendant's appearance at all court proceedings, 18 U.S.C. § 3142(c); or under the Bail Reform Act, upon motion of the government, and finding by the court of, *inter alia*, flight risk, and/or dangerousness to any person or to the community, order the defendant detained without bond. 18 U.S.C. § 3142(e).

The detention hearing of these two defendants was held on June 6, 2008. (Docket Nos. 18 & 19). They are charged in an indictment handed down on May 29, 2008 with participating in a conspiracy to possess with intent to distribute five kilograms or more of cocaine and one kilogram or more of heroin, on board

CRIMINAL 08-209 (DRD)                    2

a vessel subject to the jurisdiction of the United States (a vessel registered in Puerto Rico). (Docket No. 13.) They are also charged in a substantive count with possessing with intent to distribute the same amount of cocaine and heroin. Because the offenses were committed outside of the territorial jurisdiction of this or any other district court, they were brought here by the arresting authority. Originally, a search of the vessel they were on revealed the presence of 163 brick-size packages of cocaine which weighed about 187 kilograms. A later search revealed more bricks of cocaine as well as heroin. If convicted, the defendants face a minimum of 10 years imprisonment.

The defendants are presumptively risks of flight and dangers to the community. See 18 U.S.C. § 3142(e). At the June 6, 2008 hearings, both defendants presented "some evidence" to show that "what is true in general is not true in [his] particular case . . . ." United States v. Jessup, 757 F.2d 378, 384 (1st Cir. 1985). The burden is one of production, not persuasion. Id. at 380-81. Congress intended the presumption to have a practical effect. Id. at 382. The remaining strength of the rebuttable presumption is considered along with the other relevant factors in 18 U.S.C. § 3142(g). United States v. Palmer-Contreras, 835 F.2d 15, 18 (1st Cir. 1987). Title 18 U.S.C. § 3142(e) presumes dangerousness. The Congress felt that a significant consideration in determining danger to the community is the drug network's ability to continue to function while

CRIMINAL 08-209 (DRD)                3

the defendants await trial and that there is a significant risk of pretrial recidivism. S. Rep. No. 98-225, 98th Cong., 42nd Sess. 20, reprinted in 1984 U.S. Code Cong. & Admin. News 3182, 3203.

What is true in general has not been proven to be untrue in specific. Conspiracy in federal law aggravates the degree of crime over that of unconcerted offending. Krulewitch v. United States, 336 U.S. 440, 449 (1949). A collective criminal agreement, a partnership in crime, presents greater threats to the public than individual criminality. See Jeffers v. United States, 432 U.S. 137, 157 (1977); Ianelli v. United States, 420 U.S. 770, 778 (1975); Callahan v. United States, 364 U.S. 587, 593-94 (1961). I have considered the alternatives to pretrial detention but find them insufficient. (See Docket No. 21.) The particular drug distribution enterprise, of which the defendants are probably a part, entails risky and dangerous seaborne importation, and their roles, while appearing trivial as wholesale importers, is essential for the enterprise to succeed.

I adopt by reference the information of the pretrial report if not the recommendation. Co-defendant Josue Alberto Dávila Padró's strong family ties are in contrast to his ethereal financial ties and his wealth and income remain a mystery, particularly since he does not file income tax returns. See 18 U.S.C. §3142(g)(3)A). Jonathan Fonseca Torres was technically under a local diversion program when this offense was committed. He is also a mystery in terms of

CRIMINAL 08-209 (DRD)                4

assets and liabilities.  As to him, I adopt by reference both the report and recommendation of the pretrial services officer.  Admittedly, the nature and circumstances of the offense, identity of the drugs involved, roles of the offenders, severity of the penalties and strength of the government's case weigh heavily in this decision.  See 18 U.S.C. § 3142(g)(1).

Defendants have failed to rebut the presumption established by 18 U.S.C. § 3142(e) that no condition or combination of conditions will reasonably assure the safety of any other person and the community.  They will be detained pending trial based upon the probable cause determination of the grand jury, the nature and circumstances of the offenses charged, the strength of the government's case, and the failure to rebut the presumption mentioned above.  See 18 U.S.C. § 3142(f).

Defendants JOSUE ALBERTO DÁVILA PADRÓ and JONATHAN FONSECA TORRES are detained pending trial.

It is ORDERED that JOSUE ALBERTO DÁVILA PADRÓ and JONATHAN FONSECA TORRES be committed to the custody of the Attorney General for confinement in a correction facility, separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

It is further ORDERED that the defendants be afforded reasonable opportunity to consult with their attorneys in private.

CRIMINAL 08-209 (DRD)                              5

It is further ORDERED that on order of the court, or on request of the attorney for the government, the person in charge of the corrections facility in which the defendants are being confined, deliver them to the United States Marshal, or his deputy, for the purpose of an appearance in connection with any proceeding.

In San Juan, Puerto Rico, this 20th day of June, 2008.

S/ JUSTO ARENAS
Chief United States Magistrate Judge